UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK SALISBURY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 1:13-cv-856-TWP-TAB |
| ) | |
| KEITH BUTTS, ) | |
| ) | |
| Respondent. ) | |

**Entry Concerning Selected Matters**

**I.**

The petitioner=s current custodian, as shown in the caption of this Entry, is **substituted** as the sole respondent.

**II.**

Petitioner Salisbury seeks habeas corpus relief with respect to his conviction for child molesting in the DeKalb Superior Court. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This may be an appropriate case for such a disposition.

Salisbury pled guilty to child molesting in the prosecution resulting in the conviction he now challenges. Because Salisbury pled guilty, he "'may only attack the voluntary and

intelligent character of the guilty plea by showing that the advice he received'" was constitutionally ineffective. United *States v. Villegas* 388 F.3d 317, 322 (7th Cir. 2004) (citing *Hill v. Lockhart,* 474 U.S. 52, 56 (1985)); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973)(once petitioner pleads guilty, "[ ]he may only challenge the voluntary and intelligent nature of the guilty plea by showing that the advice [ ]he received from counsel was not within acceptable standards."). Salisbury's sole claim is that "trial lawyer was below the normal statues of a court appointed lawyer. Did not advise petitioner what is rights were or did not advise him of what he was signing when he signed the plea."

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)).

"[U]nder AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims," *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010), Salisbury must now **supplement** his petition by alleging that: (1) the state court's adjudication of the claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1); or (2) the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2); *Cheeks v. Gaetz,* 571 F.3d 680, 684-85 (7th Cir. 2009).

Because Salisbury's habeas petition appears on its face to be deficient, he shall have **through June 17, 2013**, in which to **supplement** his petition consistent with the circumstances

discussed in Part II of this Entry. If available, petitioner shall also **include** with his supplement a transcript of his guilty plea hearing.

    **IT IS SO ORDERED.**

Date: 05/31/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Mark Salisbury
#963622
New Castle Correctional Facility
P.O. Box A
New Castle, IN 47362