UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK SALISBURY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 1:13-cv-856-TWP-TAB |
| ) | |
| KEITH BUTTS, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Petitioner Mark Salisbury seeks habeas corpus relief with respect to his conviction for child molesting in the DeKalb Superior Court. Having considered the pleadings, the expanded record, and the parties' arguments, and being duly advised, the Court finds that Salisbury has not shown his entitlement to relief and that his petition for writ of habeas corpus must be **denied.** In addition, the court finds that a certificate of appealability should not issue.

**I. Discussion**

*AEDPA.* A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Salisbury filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). The AEDPA "place[s] a new constraint" on the ability of a federal court to grant habeas corpus relief to a state prisoner "with respect to claims adjudicated on the merits in state court." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). The Court of Appeals has reviewed the standard to be applied here:

> When a state court has ruled on the merits of a habeas claim, our review is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d); *Harrington v. Richter,* 131 S. Ct. 770, 783–84, 178 L.Ed.2d 624 (2011). Under AEDPA, we may grant relief only if the state court's decision on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Plainly stated, these are demanding standards.

*Atkins v. Zenk*, 667 F.3d 939, 943-44 (7th Cir. 2012); *see also Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013). As the United States Supreme Court recently explained,

> AEDPA's standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods v. Donald,* 135 S. Ct. 1372, 1376 (2015)(internal quotation marks and citations omitted).

Salisbury's conviction rests on his plea of guilty. His habeas claim is that he was denied the effective assistance of counsel in entering that plea of guilty. The pertinent question for the present habeas review is whether the Indiana state courts "unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted).

The first step under § 2254(d)(1) is "to identify the 'clearly established Federal law, as determined by the Supreme Court of the United States' that governs the habeas petitioner's

claims." *Marshall v. Rodgers,* 133 S. Ct. 1446, 1449 (2013) (citing *Williams v. Taylor*, 529 U.S. at 412; *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

As noted, the claim in this action is that Salisbury was denied the effective assistance of counsel. The Sixth Amendment guarantees a criminal accused the right to assistance of counsel, and "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). This guarantee exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684 (1984). *Strickland v. Washington,* 466 U.S. 668 (1984), provides the clearly established Federal law, as determined by the Supreme Court of the United States that governs Salisbury's claim.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. *Id.,* at 685–687. "Under *Strickland,* we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694).

*Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014)(parallel citations omitted).

To demonstrate ineffective assistance of counsel in the context of a challenge to a guilty plea, a habeas petitioner must show both that counsel's advice fell below an objective standard of reasonableness as well as a "reasonable probability" that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58–59 (1985) (the two-part test of *Strickland* applies to challenges to guilty pleas based on the ineffective assistance of counsel); *Missouri v. Frye,* 132 S. Ct. 1399, 1405 (2012) (reaffirming that *Hill* is properly applied to claims of ineffective assistance of counsel in the context of acceptance of a plea bargain). To obtain relief on this type of claim, a petitioner must convince the court that

a decision to reject the plea bargain would have been rational under the circumstances. *Padilla v. Kentucky,* 528 U.S. 480, 486 (2010)(citing *Roe v. Flores–Ortega,* 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker,* 506 F.3d 358, 369 (4th Cir. 2007). "[W]hat matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit,* 703 F.3d 248, 260 (4th Cir. 2012) (citing *Pilla v. United States,* 668 F.3d 368, 373 (6th Cir. 2012)). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding, if the error had no effect on the judgment." *Hill,* 474 U.S. at 57 (citing *Strickland,* 466 U.S. at 691).

*Strickland's Application under AEDPA.* The foregoing outlines the straightforward features of *Strickland's* two-prong test. In the context of the claims that Salisbury presents, however, AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable--a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

The emphasis on deferential review could not be more clear:

> Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be "doubly deferential" in order to afford "both the state court and the defense attorney the benefit of the doubt.

*Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015)(citations and some quotations omitted).

*Analysis.* Salisbury has been convicted in an Indiana state court of child molesting as a Class A felony. "Like many states, Indiana has established a sex and violent offender registry. . . . The law requires those convicted of a wide range of offenses to register. The offenses include . . . child molesting . . . . IND. CODE § 11–8–8–5.1. Some sex or violent offenders must register for the rest of their lives. IND. CODE § 35–38–1–7.5. Others must register until ten years have passed after the later of the offender's release from prison . . . . IND. CODE § 11–8–8–19(a)." *Doe v. Prosecutor, Marion Cnty., Ind.*, 566 F. Supp. 2d 862, 866 (S.D. Ind. 2008). In the case of a person designated as a sexually violent predator, however, the required registration is for life unless/until the offender successfully petitions for removal after ten years. *See* IND. CODE § 35-38-1-7.5(e); IND. CODE § 11-8-8-19(a). "[W]hen a sex offender registry like Indiana's is enacted as a civil, non-punitive notification scheme, mandatory registration of convicted sex offenders does not constitute a criminal punishment in violation of the double jeopardy clause." *Steward v. Folz*, 190 F. App'x 476, 478-79 (7th Cir. 2006)(citing *Femedeer v. Haun,* 227 F.3d 1244, 1253-54 (10th Cir. 2000)). Indiana's sex offender registration scheme nonetheless plays a role in Salisbury's habeas claim.

When considering habeas petitions, federal courts must presume the factual findings made by the last state courts to decide the case on the merits are correct unless the habeas petitioner rebuts those findings by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); *Ford v. Wilson*, 747 F.3d 944, 947 (7th Cir. 2014). The presumption is fully operable here. In affirming the denial of post-conviction relief, the Indiana Court of Appeals recited the pertinent facts:

> On September 4, 2005, Salisbury had sexual intercourse with his thirteen-year-old stepdaughter, E.K. On September 3, 2007, Salisbury had sexual intercourse with fifteen-year-old E.K. again. Two days later, the State charged Salisbury with Class A felony child molesting for the 2005 incident and Class B felony sexual misconduct with a minor for the 2007 incident. The State also alleged that Salisbury was a habitual offender.
> The State offered Salisbury two different guilty-plea options: (1) Class B felony sexual misconduct with a minor and admit to being a habitual offender with

a thirty-five year sentence with five years suspended and (2) Class A felony child molesting with a thirty-year sentence with five years suspended. See State's Ex. A. Option 1 also required Salisbury to register as a sex or violent offender for at least ten years unless the State petitioned for him to be designated as a sexually violent predator (SVP), which it testified that it would have, in which case he would be required to register for life. Option 2, on the other hand, would deem Salisbury a SVP by operation of law and require him to register as such for life. Under either option, he would be able to petition for removal from the sex-offender registry after ten years. After discussing the two options with his attorney, Salisbury chose Option 2 because it called for a shorter executed prison sentence.

At the sentencing hearing, Salisbury pled guilty to Class A felony child molesting and was sentenced to an executed sentence of twenty years. At the hearing, the trial court advised Salisbury that he would be an SVP as a matter of law and was required to register as such. Salisbury made no objection and did not move to withdraw his guilty plea.

Two years later, Salisbury petitioned for post-conviction relief, alleging that there was no evidence supporting his Class A felony conviction. The petition was amended three years later to include the claim that Salisbury's plea was not made knowingly, voluntarily, or intelligently because he was not adequately advised by his trial counsel that his conviction made him an SVP.

A post-conviction hearing was held, and Salisbury's trial counsel testified that he would have discussed the registry requirement with Salisbury, as he did in all sex-offense cases, but he could not remember whether he had discussed the SVP status specifically. Salisbury testified that he chose Option 2 because it called for a shorter sentence and that he was not advised about the SVP status; he also claimed that he would have chosen Option 1 if he had known about the SVP status that came with Option 2. Finally, Salisbury testified that he had never questioned why the Class A felony sentencing option was shorter than the Class B felony sentencing option. The State presented evidence that it would have petitioned the court to designate Salisbury as an SVP anyway had he chosen Option 1.

The post-conviction court denied Salisbury's petition for postconviction relief finding Salisbury's testimony not to be credible. The post-conviction court also found that no evidence was submitted that "in the Spring of 2008, defense attorneys had an objective standard of reasonableness where they advised their clients of the registry implications of particular cases." Finally, the post-conviction court found that there was no consequential difference between being an SVP under the law or a petitioned SVP; either way Salisbury could petition for removal from the registry after ten years.

*Salisbury v. State*, No. 17A03-1209-PC-373, at pp. 2-4 (Ind.Ct.App. Mar. 11, 2013)(omitting citations to the record). Salisbury appealed and raised one issue: whether his trial counsel was ineffective for failing to sufficiently advise him regarding the SVP registry consequences specific to each option.

The Indiana Court of Appeals affirmed the denial of relief. The Indiana Court of Appeals properly recognized the two-prong *Strickland* test. *Id.* at p. 5. Under both plea agreement options: 1) Salisbury was required to register as a sex offender for a minimum ten-year period; 2) Salisbury could be designated an SVP; and 3) Salisbury had the ability to petition to remove himself from the sex offender registry after ten years. Salisbury argues that his counsel failed to advise him of the SVP status under option 2.

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam,* 255 F.3d 428, 432–33 (7th Cir. 2001)). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)).

Salisbury's argument here is not that he would have insisted on going to trial, but that he would have accepted plea Option 2 instead of plea Option 1. The Indiana Court of Appeals acknowledged the trial court's findings that Salisbury's attorney testified that he informs all of his clients generally about the sex offender registry and had no reason to believe that he did not do so with Salisbury, and "agreed with the post-conviction court that Salisbury's testimony on this point was not credible." *Salisbury v. State*, No. 17A03-1209-PC-373, at pp. 6-7. This circumstance supported the Indiana Court of Appeals' further determination that "it is not reasonable to believe that a forty-four-year-old with an extensive criminal history would choose an option with a longer executed prison term in exchange for a potentially more lenient registration status at the end of his executed sentence." *Id.* at p. 6. Salisbury thus failed to convince the Indiana state courts that a decision to select Option 2 rather than Option 1 would have been rational under the circumstances.

The Indiana Court of Appeals further explained that in the circumstances with which Salisbury had been presented, "the difference between the two SVP classifications [*i.e.,* SVP status by operation of law and petitioned SVP status] is inconsequential." *Id.* at p. 7. The Indiana Court of Appeals thus concluded that Salisbury had "failed to show by objective and reasonable facts that he was prejudiced by his trial counsel's assistance and [that] his plea was anything but knowing, intelligent, and voluntary." *Id.* at p.8.

"This Court has recognized that federal courts should deny a habeas corpus petition so long as the state court took the constitutional standard 'seriously and produce[d] an answer within the range of defensible positions.'" *Atkins v. Zenk,* 667 F.3d 939, 944 (7th Cir. 2012) (quoting *Mendiola v. Schomig,* 224 F.3d 589, 591–92 (7th Cir. 2000)). The Indiana Court of Appeals did so, and because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," Salisbury's claim of ineffective assistance of counsel at trial does not support the award of habeas corpus relief. *Murrell v. Frank,* 332 F.3d 1102, 1111-12 (7th Cir. 2003)(citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

**Conclusion**

"When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald,* 135 S. Ct. 1372, 1376 (2015). Federal habeas relief is barred for any claim adjudicated on the merits in state court "unless one of the exceptions listed in 28 U.S.C. § 2254(d) obtains." *Premo v. Moore,* 131 S. Ct. 733, 739 (2011). None do. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart,* 474 U.S. 52, 60 (1985) (quoting *North Carolina v. Alford,* 400 U.S.

25, 31 (1970)). The Indiana state courts reasonably determined that Salisbury's guilty plea met this standard and was not tainted with constitutional infirmity through the representing provided by his attorney. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Salisbury's habeas petition presents such a situation and that petition is therefore **denied.**

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Salisbury has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date:  6/15/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARK SALISBURY
#963622
New Castle CF – Inmate mail/parcels
1000 Van Nuys Rd
New Castle, IN 47362

Electronically registered counsel